UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____/

**JANE DOE**, in her individual capacity,

       Plaintiff,

   -against-                                    Case No.: 7:18-cv-08728-KMK

**BARD COLLEGE** and **BARD COLLEGE**       **MEMORANDUM**
**BOARD OF TRUSTEES**                      **OF LAW IN SUPPORT**
        Defendant.
_____/

## MOTION OF C.A. GOLDBERG, PLLC, TO WITHDRAW AS COUNSEL

      Pursuant to Local Civil Rule 1.4, C.A. Goldberg PLLC ("Goldberg") moves this Court for an order granting permission for Goldberg to withdraw as counsel to plaintiff Jane Doe ("Plaintiff Doe"). The reason for this request is Plaintiff Doe's request to discharge Goldberg as counsel due to an irreconcilable conflict regarding legal strategy. To the extent they will not adversely impact Plaintiff Doe, details of this conflict are set forth in Carrie A. Goldberg's Declaration in Support ("Goldberg Dcl."). As per Judge Karas' Individual Rule of Practice II(B), a copy of Plaintiff Doe's First Amended Complaint is attached to the Declaration of Carrie Goldberg in Support of C.A. Goldberg PLLC's Motion to Withdraw as Counsel.

**I.**      **ARGUMENT**

Local Civil Rule 1.4, "Withdrawal of Displacement of Attorney of Record," provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any on the calendar.

It is well settled law that under Local Civil Rule 1.4 "when considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for the withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc*. No. 08 Civ. 6469 DAB JCF, 2011 WL 672245, at 1 (S.D.N.Y. Feb. 17, 2011).

### A. <u>Withdrawal is Proper in this Case Due to Irreconcilable Conflict Between Attorney and Client</u>

Although there is no clear standard for what may be considered a satisfactory reason for allowing a withdrawal, district courts in the Second Circuit have found that "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing the client." *Generale Bank, New York Branch v. Wassel*, 91 Civ. 1789, 1992 WL 42168 at 1 (S.D.N.Y. Feb. 24, 1992); see also, *Tufano v. City of New York*, 94 Civ. 8655, 1996 WL 419912 at 1 (S.D.N.Y. July 25, 1996) (withdrawal permitted on the showing that "an irreconcilable conflict has developed between [counsel and client] regarding litigation strategy."); *Sansiviero v. Sanders*, 117 A.D.2d 794, 499 N.Y.S.2d 431 (1986) (in light of irreconcilable differences "with respect to the proper course to be pursued by counsel in the litigation, the appellant's motion to withdraw as counsel for the plaintiff should have been granted.")

In an affidavit sworn to on March 13, 2019 Plaintiff Jane Doe concedes to having strategic differences with Goldberg. Dkt. 34-1. Plaintiff Doe seeks to discharge Goldberg and describes these irreconcilable differences as "strategic differences." *Id.* The attorney-client privilege prohibits Goldberg from engaging in a complete discussion and disclosure of these differences (in the event the Court requires more information we request that any additional submissions describing this matter be made *in camera* and ex parte to minimize potential prejudice to Plaintiff). Even in the absence of a full discussion, Plaintiff Doe's sworn assertion regarding strategic

differences constitutes sufficient ground for allowing a withdrawal of counsel at this early stage of the litigation. *Tufano; Sansiviero*.

### B.  The Current Posture of the Case Should Permit Withdrawal

Local Civil Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar."  Courts in the Second Circuit have held that the "impact of the withdrawal on the timing of the proceeding" is a crucial second step in analyzing if withdrawal of counsel is proper (*Blue Angel Films*) with courts finding that when discovery is in the early stages, withdrawal of counsel will not substantially disrupt litigation. *Freund v. Weinsten*, 2009 WL 750242 *1 (E.D.N.Y. 2009). Finally, where counsel has been discharged by the client, "the order to withdraw should issue except under the most compelling circumstances." *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97 C 2016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999); *Allstate Ins. Co. v. Nandi*, 258 F. Supp. 2d 309, 311 (S.D.N.Y. 2002). This analysis is guided by New York Code of Professional Responsibility, which states that a lawyer representing a client before a tribunal shall withdraw from employment if the lawyer is discharged by his or her client. See 22 N.Y.C.R.R. 1200.15(b)(4).

Plaintiff Doe is well situated to undergo a change of counsel at this time.  This Court granted Plaintiff Doe a 60-day extension for filing a Second Amended Complaint on March 14, 2019. Dkt. 35. Accordingly, Plaintiff Doe will not be unduly prejudiced by retaining new counsel. Discovery has not started, and no dispositive motions have been made. Goldberg Dcl. ¶ 6.  In fact, the timing is apt in that Plaintiff Doe should have an opportunity to discuss a shift in strategy with her new counsel prior to filing her Second Amended Complaint. Further, Plaintiff Doe has requested that Goldberg be discharged and therefore Goldberg has an obligation to request a withdrawal as counsel. 22 N.Y.C.R.R. 1200.15(b)(4). There are no compelling circumstances which would require Goldberg to continue representing Plaintiff Doe. See *Casper*.

### C.  Goldberg's To Cooperate With Successor Counsel if Withdrawal is Granted

If Goldberg is permitted to withdraw, once Plaintiff Doe has selected such counsel, Goldberg will cooperate with successor counsel, without cost to Plaintiff Doe, to familiarize successor counsel with Plaintiff Doe's case. Goldberg Dcl. ¶ 9. Due to the limited number of pre-trial actions, Goldberg submits that it should not be difficult for successor counsel to work with Plaintiff Doe on continuing the case. As stated in Goldberg's March 14, 2019 Letter-Motion, the firm has no lien on this case. Goldberg Dcl. ¶ 10.

For all foregoing reasons, and upon consideration of the attached Declaration, Goldberg respectfully urges the Court to grant the Motion to withdraw as counsel for the Plaintiff in this matter.

Dated: March 28, 2019
      Brooklyn, New York

                                                  Respectfully submitted,

                                                  C.A. GOLDBERG PLLC

                                                  By: /s/ Carrie Goldberg
                                                  Carrie Goldberg (CA7873)
                                                  Adam Massey (AM1988)
                                                  16 Court Street, Fl. 33
                                                  Brooklyn, NY 11241
                                                  T: (646) 666-8908
                                                  carrie@cagoldberglaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION OF C.A. GOLDBERG, PLLC TO WITHDRAW AS COUNSEL was originally filed on March 28, 2019 via the electronic case filing system of the United States District Court for the Southern District of New York and, accordingly, that the Court will send notice of this filing electronically to:

>Michael Patrick Collins
>Melisa Gerecci Meyler
>*Counsel for Bard College and Bard College Board of Trustees*
>Bond, Schoeneck & King PLLC
>600 Third Avenue, 22nd Floor
>New York, NY 10016-1915

The undersigned further certifies that he has sent a copy of these papers via email and via FedEx to:

>Jane Doe
>*Plaintiff*
>4\*\* \*\*\*\*\*\*\*\*\* St. #6B,
>Brooklyn, NY 11213.
>A\*\*\*\*\*\*\*\*\*@gmail.com

By:   /s/ Adam Massey<br>Adam Massey